UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BENJAMIN VALLEY,<br><br>             Plaintiff,<br><br>   v.<br><br>D.K. SISTO, Warden, J.<br>BROWN, Attorney General,<br><br>            Defendants. | Case No. CV 07-2701-VAP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS FILED BY A STATE PRISONER** |

## I. BACKGROUND

Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus on December 14, 2007. Respondent filed an Answer on April 16, 2008. For the reasons stated below, the Court DENIES the Petition.

**A. Procedural History**

On June 21, 2004, a jury convicted Petitioner in Sacramento County Superior Court of one count of corporal injury to a cohabitant ("Count One"), finding that Petitioner personally inflicted great bodily injury in circumstances of domestic violence ("the Enhancement"),

and one count of assault with a deadly weapon.[1] (Answer 2.)  Petitioner was sentenced to state prison for an aggregate term of ten years on August 20, 2004.  (Answer 2.)  The sentence consisted of the mid-term of three years on Count One, plus a consecutive mid-term sentence of four years for the Enhancement, plus one year for each of the Petitioner's three prior prison terms.  (Answer 2.)

On June 13, 2005, Petitioner filed a direct appeal with the California Court of Appeal, Third Appellate District, alleging (1) the jury was erroneously instructed on flight (California Jury Instructions-Criminal "CALJIC" No. 2.52), and (2) the court abused its discretion in admitting evidence of a prior incident of domestic violence.  (Answer 2.)  On January 27, 2006, the Court of Appeal denied the claims and affirmed the judgment (Lodged Doc. 4.)  Petitioner did not file a direct appeal with the California Supreme Court, and the

---

[1] The California Court of Appeal's opinion provides a complete statement of the facts (Lodged Doc. 4.).  The facts are not at issue in this case, so they are briefly summarized below:
   Petitioner shared an apartment and its expenses with Eva A. beginning in December, 2003. On March 3, 2004, Petitioner hit Eva twice with a chain and once with a beer bottle, such that the bottle broke. Eva spent two days in the hospital and suffered a concussion. On March 5, 2004, Petitioner admitted to a sheriff's deputy to throwing a beer bottle at Eva "because she would not shut up."

1  remittur from the Court of Appeal issued on March 30,
2  2006.  (Lodged Doc. 5.)
3
4       On May 12, 2005, before filing his direct appeal with
5  the California Court of Appeal, Petitioner filed a state
6  habeas petition asserting that the restitution order
7  imposed was improper since the trial court failed to
8  consider his ability to pay.  (Lodged Doc. 6.)  The court
9  denied that petition.  (Lodged Doc. 7.)  On June 29,
10 2006, Petitioner filed a state habeas petition with the
11 California Supreme Court alleging the same claims raised
12 on direct appeal to the Court of Appeal, and it was
13 denied.  (Lodged Doc. 8-9.)  Petitioner filed a second
14 state habeas petition with the California Supreme Court
15 on May 21, 2007, raising the same issues as those in
16 claims one through three here.  (Lodged Doc. 10.)  That
17 petition also was denied with a citation to People v.
18 Duvall, 9 Cal. 4th 464, 474 (1995). (Lodged Doc. 11.)
19
20 **B. Petitioner's Claims**
21      Petitioner filed this petition on December 14, 2007,
22 and asserts the following grounds for federal habeas
23 corpus relief:
24      1. Petitioner's sentence was improperly enhanced by
25 unproven prior convictions.
26      2.  The prosecutor presented no evidence to establish
27 the prior conviction allegations.
28

1  3. No hearing was held on the prior conviction
2  allegations.
3  4. Petitioner's sentence violates <u>Cunningham v.</u>
4  <u>California</u>, 549 U.S. 270 (2007).

## II. LEGAL STANDARD

Review of the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the Petition was filed after its effective date.  Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Pursuant to 28 U.S.C. § 2254(b)(2), this Court may deny unexhausted claims on the merits.  A district court may dismiss the unexhausted claim on the merits when "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." <u>Orraca v. Walker</u>, 53 F. Supp. 2d 605 (S.D.N.Y. 1999) (citing <u>Granberry</u> <u>v. Greer</u>, 481 U.S. 129, 134-35 (1987)).

4

**III. DISCUSSION**

All of Petitioner's claims lack merit and are denied.

**A. Petitioner's First Three Claims**

Each of Petitioner's first three claims relate to the sufficiency of the findings on the prior conviction enhancements. The record shows that Petitioner admitted two of the three prior conviction allegations. (Reporter's Transcript ["RT"] 613.) On the third alleged conviction, Petitioner asked for a trial as to whether he was the person who actually sustained the conviction. (RT 614.) The prosecution submitted evidence in support of its position and argument was heard from both sides. (RT 615-622.) The court found that all three of the prior convictions related to Petitioner. (RT 622-23.)

Therefore, each of Petitioner's first three claims lack merit, because the record clearly establishes that (1) the prior prison convictions were proven or admitted; (2) the prosecutor presented evidence to establish the prior prison convictions; and (3) a hearing was held on the prior prison convictions.

**B. Petitioner's Fourth Claim**

Petitioner's final claim alleges that his sentence violates <u>Cunningham v. California</u>, 549 U.S. 270 (2007).

5

The Court in Cunningham noted that an "upper term" prison sentence may only be imposed when it is based on facts found by the jury rather than the judge. 549 U.S. at 288-89. In all other cases, the "middle term" sentence must be imposed and considered the statutory maximum. Id. at 292. This holding was consistent with the Court's previous ruling in Blakely v. Washington, 542 U.S. 296 (2004).

Petitioner's fourth claim lacks merit because Cunningham was decided after Petitioner's judgment was final. Even assuming Cunningham had retroactive effect, it does not provide Petitioner with grounds for relief because the sentencing court was aware of Blakely and appropriately imposed the middle term sentence to Petitioner. (RT 635-37.)

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the petition because it raises only meritless claims. Having determined the claims lack merit, the Court does not reach the issue of exhaustion.

Dated: June 30, 2009

_____
VIRGINIA A. PHILLIPS
United States District Judge